**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAND ENERGY SERVICES OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL UNION NO. 16,<br><br>Defendant. | Case No. 3:25-cv-00374-AMO<br><br>**ORDER DISMISSING BRAND ENERGY SERVICES OF CALIFORNIA'S COMPLAINT** |

**ORDER DISMISSING
BRAND ENERGY SERVICES OF CALIFORNIA'S COMPLAINT**

Before the Court is Defendant Heat and Frost Insulators and Allied Workers Local No. 16's ("Local 16") Motion to Dismiss Plaintiff Brand Energy Services of California's ("Brand") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Local 16 contends that Plaintiff failed to adequately plead his claim as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure as interpreted by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Brand fails to plead facts showing a violation of the secondary boycott provisions of the Labor Management Relations Act. 29 U.S.C. §§ 158(B)(4)(ii), 187. A plaintiff must demonstrate two things to make out a violation of section 8(b)(4)(ii): "(1) the challenged conduct must have as an object forcing a neutral business to cease doing business with another; and (2) the union must pursue its object by threatening, coercing, or restraining the neutral business." *Chipman Freight Servs., Inc. v. NLRB*, 843 F.2d 1224, 1227 (9th Cir. 1988). Brand pleads that Local 16 ended its collective-bargaining relationship with Brand. Brand also pleads that as a result of Local 16 ending its collective-bargaining relationship with Brand that a refinery in Martinez forced it to subcontract its insulation work and that two other refineries were "blocked" from doing business with it because of Local 16's actions. But Brand does not plead any underlying facts plausibly showing that Local 16 "threatened, coerced, or restrained" any such businesses. As such, the Court concludes that Plaintiff has not pleaded a plausible claim. Local 16's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

Within 21 days of this order, Brand may file an amended complaint curing these deficiencies. Brand may not add new claims or parties. The amended complaint must be accompanied by the redline required by the Court's Standing Order for Civil Cases, with courtesy copies of all papers delivered to chambers within 3 days of filing.

**IT IS SO ORDERED.**

Dated: August 14, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN
United States District Judge**