**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAND ENERGY SERVICES OF CALIFORNIA,<br><br>            Plaintiff,<br><br>v.<br><br>HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL UNION NO. 16,<br><br>            Defendant. | Case No. 3:25-cv-00374-AMO<br><br>**ORDER DISMISSING BRAND ENERGY SERVICES OF CALIFORNIA'S SECOND AMENDED COMPLAINT** |

Before the Court is Defendant Heat and Frost Insulators and Allied Workers Local No. 16's ("Local 16") Motion to Dismiss Plaintiff Brand Energy Services of California's ("Brand") Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Local 16 contends that Plaintiff failed to adequately plead its claim as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure as interpreted by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Brand fails to plead facts showing a violation of the secondary boycott provisions of the Labor Management Relations Act. 29 U.S.C. §§ 158(B)(4)(ii), 187. A plaintiff must demonstrate two things to make out a violation of section 8(b)(4)(ii): "(1) the challenged conduct must have as an object forcing a neutral business to cease doing business with another; and (2) the union must pursue its object by threatening, coercing, or restraining the neutral business." *Chipman Freight Servs., Inc. v. NLRB*, 843 F.2d 1224, 1227 (9th Cir. 1988).

Brand alleges that Local 16 ended its collective bargaining relationship with Brand because Local 16 is in a labor dispute with two of Brand's non-union affiliates. Brand also pleads that Local 16 threatened legal action against three refineries in California should those refineries contract with Brand to self-perform insulation work. But Brand does not plead any facts plausibly showing that these actions were intended to force Brand to cease doing business with its non-union affiliates.

As such, the Court concludes that Plaintiff has not pleaded a plausible claim. Local 16's motion to dismiss is **GRANTED**.  Local 16's request for judicial notice is **DENIED AS MOOT**, as the Court has not considered the materials that are the subject of its request in reaching this ruling.  Moreover, because Brand has had prior opportunities to amend its complaint but failed to cure the pleading deficiencies warranting dismissal, further leave to amend is **DENIED**.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion

///

///

///

///

ORDER DISMISSING BRAND ENERGY
SERVICES OF CALIFORNIA'S SECOND AMENDED COMPLAINT

Case No.  3:25-cv-00374-AMO

to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

**IT IS SO ORDERED.**

Dated:  July 10, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2